UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO., | No. C-06-01150 SC |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| U.S. COLIN'S, INC., | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff Levi Strauss & Co. ("Plaintiff" or "LS&CO") brought this action against U.S. Colin's, Inc. ("Defendant") asserting causes of action for trademark infringement and dilution under federal and California law.  Defendant was properly served with a summons and the Complaint on April 19, 2006, but failed to respond.  Docket No. 4.  As a result, on June 22, 2006, the Clerk of the Court entered default against Defendant.  Docket No. 8.

Presently before the Court is Plaintiff's Motion for Entry of Default Judgment.  For the reasons stated herein, the Court GRANTS Plaintiff's motion for entry of default and AWARDS Plaintiff $1,932.76 for attorneys' fees and costs.  The Court further ENJOINS Defendant from manufacturing, distributing, or selling any goods that infringe LS&CO's Arcuate Stitching Design and 501 trademarks.

**United States District Court**
For the Northern District of California

## II.   BACKGROUND

Plaintiff Levi Strauss & Co. is a large apparel company which manufactures a variety of products, including traditional denim blue jeans.  Defendant U.S. Colin's also manufactures clothing, including blue jeans, in the United States.  Plaintiff alleges that Defendant has been manufacturing and selling jeans which use stitching designs and the 501 style designation in a way that is confusingly similar to LS&CO's trademarks.  Compl. ¶¶ 17-18. Plaintiff brought this case asserting causes of action for (1) federal trademark infringement under 15 U.S.C. §§ 1114-1117, (2) federal unfair competition under 15 U.S.C. § 1125, (3) federal dilution of a famous mark under 15 U.S.C. § 1125(c), (4) California trademark infringement and dilution under Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340, and (5) California unfair competition under Cal. Bus. & Prof. Code § 17200.  See Compl. at ¶¶ 22-42.

Plaintiff notes that Defendant, who is neither an infant nor an incompetent person, was properly served with a summons and the Complaint and has not filed any response.  See Pl.'s Mot. for Default J. ¶¶ 8-9; Proof of Service, Docket No. 4.  The Clerk of the Court entered default against Defendant on June 22, 2006. Docket No. 8.  Plaintiff filed the present motion on Sept. 27, 2006.

Plaintiff contends it is owed a total of $1,932.76.  See Gilchrist Decl. ¶ 6.  This amount is the sum of attorneys' fees and court costs in connection with preparing and serving the complaint, writing letters, and requesting entry of default.  Id.

Plaintiff also seeks a permanent injunction to prevent Defendant from making further commercial use of its trademarks.  <u>See</u> Pl.'s Mot. for Default J. at ¶ 2.

**III. LEGAL STANDARD**

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b). "However, entry of default does not automatically entitle the non-defaulting party to entry of a default judgment regardless of the fact that the effect of entry of a default is to deem allegations admitted." <u>In re Villegas</u>, 132 B.R. 742, 746 (9th Cir. BAP 1991).  Rather, "the decision to enter a default judgment is discretionary." <u>Alan Neuman Prods., Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988).

First, the Court must "access the adequacy of service of process on the party against whom default is requested." <u>Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters</u>, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).  Once the Court determines that service was sufficient, it may consider the following factors when exercising its discretion to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1  of the complaint, except those relating to the amount of damages,

2  will be taken as true." <u>Geddes v. United Fin. Group</u>, 559 F.2d

3  557, 560 (9th Cir. 1977).  Therefore, for purposes of this Motion,

4  the Court accepts as true the facts as portrayed in the Complaint.

6  **IV.  DISCUSSION**

7      A.   <u>Service of Process</u>

8      Service of process was adequate.  Federal Rule 4(e) allows

9  service upon an individual by personally delivering the summons

10 and complaint.  Fed. R. Civ. P. 4(e)(2).  Rule 4(h) allows service

11 upon a corporation by personally delivering the summons and

12 complaint to the corporation's authorized agent.  Fed. R. Civ. P.

13 4(h)(2).  On April 19, 2006, a copy of the Complaint, Summons, and

14 other related documents were personally delivered to Mr. Freddy

15 Acosta who was authorized to accept the documents.  <u>See</u> Proof of

16 Service, Docket No. 4.

17     B.   <u>Merits of the Motion</u>

18     Accepting the allegations in the Complaint as true, as it

19 must, the Court finds that the <u>Eitel</u> factors weigh in favor of

20 entering default judgment.

21          1.   <u>Prejudice to the Plaintiff</u>

22     Plaintiff would suffer prejudice without entry of default

23 judgment.  If Defendant is allowed to continue manufacturing

24 products that infringe upon Plaintiff's trademarks, Plaintiff will

25 face irreparable harm from trademark infringement and dilution.

26 <u>See</u> Compl. at ¶ 20.

27 //

28                                4

United States District Court
For the Northern District of California

2.   <u>Merits of Plaintiff's Substantive Claims</u>

a. <u>Trademark Infringement</u>

In order to prevail on a trademark infringement claim, Plaintiff must establish "that it has a protected interest (or trademark right)" and that Defendant's usage is "likely to cause consumer confusion and thus infringe upon that interest." <u>Levi Strauss & Co. v. Blue Bell, Inc.</u>, 778 F.2d 1352, 1354 (9th Cir. 1985).  Both California and federal law focus on "the likelihood of confusion as to source or sponsorship." <u>Toho Co. v. Sears, Roebuck & Co.</u>, 645 F.2d 788, 791 (9th Cir. 1981).

As alleged in the Complaint, Plaintiff has valid trademarks for Arcuate stitching and the 501 style designation. <u>See</u> Compl. at ¶¶ 8-10, Exh. B.  Defendant has infringed on the trademarks by producing jeans confusingly similar to those produced by LS&CO. <u>Id</u>. at ¶¶ 15-19, Exh. C.

b. <u>Unfair Competition</u>

Plaintiff also alleged that Defendant competed unfairly in violation of 15 U.S.C. § 1125(a) by using LS&CO's designs and marks in a way that is likely to cause public confusion or mistake as to their connection or origin.  Compl. at ¶ 28.  "The test for false designation under the Lanham Act, as well as the common-law and statutory unfair competition claims, is whether there was a 'likelihood of confusion.'" <u>Walter v. Mattel, Inc.</u>, 210 F.3d 1108, 1111 (9th Cir. 2000).  As discussed in the previous section, Plaintiff has established that Defendant's blue jean products created a likelihood of confusion.

//

5

1

c. <u>Trademark Dilution</u>

2      Section 1125(c) of Title 15 was recently amended by the

3 Trademark Dilution Revision Act of 2006.  Pub. L. No. 109-312, 120

4 Stat. 1730 (2006).  The statute provides a remedy for dilution by

5 blurring and by tarnishment.  Dilution by blurring is defined as

6 "association arising from the similarity between a mark or trade

7 name and a famous mark that impairs the distinctiveness of the

8 famous mark." <u>Id</u>. at (c)(2)(B).  Dilution by tarnishment is

9 "association arising from the similarity between a mark or trade

10 name and a famous mark that harms the reputation of the famous

11 mark." <u>Id</u>. at (c)(2)(C).  The statute requires that an owner

12 prove the non-owner's use "is likely to cause dilution by blurring

13 or dilution by tarnishment, regardless of the presence or absence

14 of actual or likely confusion." <u>Id</u>. at (c)(1).

15      Section 1125(c) no longer requires the owner to demonstrate

16 actual harm, a standard established by the Supreme Court in

17 <u>Moseley v. V Secret Catalogue, Inc.</u>, 537 U.S. 418, 433-34 (2003).

18 The revision changes the law to the pre-<u>Moseley</u> standard.  Under

19 that test, injunctive relief is available if a plaintiff can

20 establish that (1) its mark is famous; (2) the defendant is making

21 commercial use of the mark in commerce; (3) the defendant's use

22 began after the plaintiff's mark became famous; and (4) the

23 defendant's use presents a likelihood of dilution of the

24 distinctive value of the mark.  <u>Panavision Int'l, L.P. v. Toeppen</u>,

25 141 F.3d 1316, 1324 (9th Cir. 1998).  Plaintiff has shown that its

26 trademarks are famous, Compl. at ¶ 6; Defendant is using the marks

27 in commerce, Compl. at ¶ 15 and Exh. C; Defendant's use began

28
                                    6

after the mark became famous, Compl. at ¶ 6; and the use is likely to cause dilution, Compl. at ¶ 20.   Furthermore, Defendant's trademark infringement was willful.   <u>See</u> Compl. at ¶ 16, 26. Defendant had prior knowledge of Plaintiff's trademarks and the similarity between both companies' products, but nonetheless continued to use the offending designs.   <u>See</u> <u>id</u>.

>    3.   <u>Sufficiency of the Complaint</u>

Plaintiff's Complaint properly alleges the elements for the above causes of action.   The Complaint sets forth the identity of LS&CO's marks, the extent to which LS&CO has used the marks, and the fame of the marks.   <u>See</u> Compl. at ¶¶ 6-14.   The Complaint alleges that Defendant used Plaintiff's marks in connection with the sale of blue jeans without LS&CO's consent.   <u>Id</u>. at ¶¶ 15-19. The Complaint further asserts that Defendant's use of LS&CO's marks is likely to confuse and deceive customers.   <u>Id</u>. at ¶ 20. The Complaint also alleges that LS&CO's goodwill has been damaged and its trademarks diluted by Defendant's products.   <u>Id</u>. Accordingly, Plaintiff's Complaint is sufficient.

>    4.   <u>Other Factors</u>

The other factors from <u>Eitel</u> weigh in favor of entering a default judgment.   First, the amount of money at stake in this case is under two thousand dollars, which is low in relation to the gravity of Defendant's conduct.   Second, there is relatively little possibility of a dispute concerning material facts. Plaintiff has provided evidence of its valid trademarks and Defendant's use of confusingly similar stitching and designs. Third, there is no indication that Defendant failed to respond due

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

to excusable neglect.  Though Defendant never answered the
Complaint, a representative of Defendant discussed the matter with
Plaintiff's counsel.  <u>See</u> Gilchrist Decl. at ¶¶ 3-5.  Finally, the
policy underlying the Federal Rules of Civil Procedure favoring
decisions on the merits does not preclude entry of default
judgment.  Rule 55 authorizes the Court to enter default in
situations such as this.  <u>See</u> Fed. R. Civ. P. 55; <u>Kloepping v.
Fireman's Fund</u>, 1996 WL 75314 at *3 (N.D. Cal. Feb. 13, 1996).  In
light of the <u>Eitel</u> factors, this Court finds that entry of default
judgment is appropriate.

C. <u>Remedies</u>

Plaintiff has requested monetary relief for attorneys' fees
and costs as well as equitable relief in the form of a permanent
injunction.

1.   <u>Attorneys' Fees</u>

Subject to 15 U.S.C. § 1117(a), Plaintiff is entitled to
recover attorney's fees and costs for Defendant's willful
trademark infringement, which qualifies as an "exceptional case."
<u>See</u> <u>Earthquake Sound Corp. v. Bumper Indus.</u>, 352 F.3d 1210, 1216
(9th Cir. 2003).  To determine a reasonable attorney fee award
under section 1117(a), courts employ the lodestar method.  <u>See
id</u>.; <u>Yahoo!, Inc. v. Net Games, Inc.</u>, 329 F.Supp.2d 1179, 1181
(N.D. Cal. 2004); <u>Winterstein v. Stryker Corp. Group Life Ins.
Plan</u>, 2006 WL 1889901 (N.D. Cal. July 10, 2006).  This method
determines the reasonable attorney fee by "multiplying the number
of hours the prevailing party reasonably expended on the
litigation by a reasonable hourly rate." <u>Morales v. City of San</u>

8

United States District Court
For the Northern District of California

Rafael, 96 F.3d 359, 363 (9th Cir. 1996).

Plaintiff has accounted for $1,308.93 in attorneys' fees and $623.83 in costs for a total of $1,932.76.  The amount for costs is reasonable in light of the funds Plaintiff expended for court filings, service of process, and collecting evidence.  The amount for attorneys' fees is comprised of 2.1 hours of attorney time and 7.1 hours of legal assistant time.  The attorney, an associate, was billed at approximately $276 per hour, and the legal assistant, a paralegal, was billed at approximately $104 per hour.  While these rates are higher than those set in Yahoo!, other cases in this District have set significantly higher rates based on an attorney's skill, experience, and reputation.  See e.g., Cancio v. Financial Credit Network, Inc., 2005 WL 1629808 (N.D. Cal. July 6, 2005).  In this case, Plaintiff's law firm kept the attorneys' fees admirably low by using a paralegal to do the majority of the work and completing the task in only 9.2 hours.  By contrast, in Yahoo!, another case where the trademark holder received default judgment, the court found over 111 hours to be reasonable.  An above average rate is warranted because counsel was remarkably efficient in handling the case.  See Yahoo!, 329 F.Supp.2d at 1186.  This Court finds the sum of attorneys' fees and costs reasonable in light of the circumstances.

        2.   Injunctive relief

Plaintiff has demonstrated that its trademark rights are being violated by Defendant.  Under the Lanham Act, the Court may grant an injunction.  See 15 U.S.C. § 1116(a); Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1180-81 (9th Cir. 1988)

9

**United States District Court**
For the Northern District of California

1   ("Injunctive relief is the remedy of choice for trademark and

2   unfair competition cases").  Furthermore, injunctive relief is

3   available in the default judgment setting.  <u>See</u> <u>e.g.</u>, <u>Philip</u>

4   <u>Morris USA, Inc. v. Castworld Products, Inc.</u>, 219 F.R.D. 494 (C.D.

5   Cal. 2003).  This Court finds that an injunction is appropriate

6   because it will best serve to protect Plaintiff from the risk of

7   continuing irreparable harm.

8

9   **V.    CONCLUSION**

10      The Court GRANTS Plaintiff's motion for the entry of default

11  judgment.  As a consequence, the Court AWARDS Plaintiff $1,932.76

12  for attorneys' fees and costs.  The Court also GRANTS Plaintiff's

13  request for an injunction.

14      Defendant, U.S. Colin's, Inc., its principals, agents,

15  affiliates, employees, officers, directors, successors, assigns,

16  and all persons acting in concert or participating with it or

17  under its control who receive actual notice of this Order, are

18  permanently ENJOINED and RESTRAINED, directly or indirectly, from

19  doing, authorizing or procuring any persons to do any of the

20  following until such time as this Order is dissolved or modified

21  by further order:

22      (1) Manufacturing, licensing, selling, offering for sale,

23  distributing, importing, exporting, advertising, promoting, or

24  displaying any products that display any stitching or other design

25  that is substantially similar to Plaintiff's Arcuate trademark or

26  501 trademark;

27      (2) Otherwise violating the rights of Plaintiff in and to the

28                                    10

Arcuate or 501 trademark; and

    (3) Assisting, aiding or abetting any person or entity engaging in or performing any act prohibited by this Order.

    IT IS SO ORDERED.

    Dated: November 1, 2006



UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California